2 F.3d 1153
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lee C. GROCE, Defendant-Appellant.
 No. 92-3622.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 21, 1993.*
Decided Aug. 6, 1993.
 
 Before MANION, and ROVNER, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 A jury convicted Lee C. Groce of possession of cocaine, a violation of 21 U.S.C. Sec. 844, and of unlawful possession of a firearm by a felon, a violation of 18 U.S.C. Sec. 922(g)(1). The Milwaukee police had recovered the incriminating evidence during a search of Groce's residence. The search was conducted pursuant to a warrant, which had been issued on the basis of an affidavit sworn to by Steven Spingola, a City of Milwaukee Police Detective. In the affidavit, Spingola related that he had found evidence of cocaine following a warrantless search of garbage that Groce had left near the alley for regular collection. R. 25.
 
 
 2
 Groce moved for the suppression of the incriminating evidence found during the search of his house. He argued that the search of his garbage was in violation of his Fourth Amendment rights and thus the evidence gained from that search should not have been used to support the search warrant, which in turn led to the discovery of the incriminating evidence. R. 31. After holding an evidentiary hearing on the motion to suppress, Magistrate Judge Bittner recommended that the motion be denied. The district court adopted the magistrate's recommendation. Following a jury trial, the court sentenced Groce to a total of 78 months' imprisonment. Groce appeals, challenging the denial of his motion to suppress.
 
 I.
 
 3
 In his Recommendation and Order, Magistrate Judge Bittner made findings of fact. R. 34. The district court adopted the Recommendation and Order, see R. 42, and hence the magistrate's findings of fact. We find that the magistrate's findings of fact, set forth below, are not clearly erroneous:[1]
 
 
 4
 During December of 1991 MPD Detective Spingola was engaged in an ongoing narcotics investigation of defendant Groce. During that month, he contacted the supervisor for the City of Milwaukee Bureau of Sanitation 2 Ward N, who had supervision over the garbage collection route, which included defendant Groce's residence located at 3845 North 56th Street, Milwaukee, Wisconsin (hereinafter referred to as 56th Street residence), in order to ascertain which day of the week and time of day garbage would be routinely collected at that address. Based upon the information which he obtained from the supervisor, Detective Spingola went to the defendant's 56th Street residence on December 12 and 19, 1991 while the carts of the 56th Street residence were located behind the garage at the rear of the defendant's property, inside a fence gate encompassing the premises. The garbage carts were partially on the cement driveway to the garage and partially on the public alley. On both occasions, after the city workers had removed the garbage carts from the defendant's property, Detective Spingola took control of and searched their contents.
 
 
 5
 R. 34, at 4-5. It is undisputed that Spingola recovered two plastic baggies, each of which contained a white powdery substance that a field test indicated was cocaine. R. 25; Trial Tr. 28-30.
 
 II.
 
 6
 In California v. Greenwood, 486 U.S. 35 (1988), the Supreme Court held that the Fourth Amendment does not prohibit the warrantless search and seizure of garbage left for collection outside the curtilage of a home. Groce argues that the garbage search was conducted within the curtilage of his home and thus he enjoyed a reasonable expectation of privacy in his garbage. He concludes that the search violated his Fourth Amendment right against unreasonable searches and that the evidence obtained in the search of his home should have been suppressed as the fruit of an illegal search.
 
 
 7
 According to the magistrate, Groce's garbage cart was located partially on his property and partially on the public alley. As such, it seems doubtful that, at the time the garbage collectors retrieved the cart, it was within the curtilage of Groce's home, the "curtilage" being defined as "the area encompassing the intimate activity associated with the sanctity of the home." United States v. Hedrick, 922 F.2d 396, 398 (7th Cir.), cert. denied, 112 S.Ct. 147 (1991). More important, however, is the fact that garbage collectors removed the cart from the property line before turning it over to Spingola in the public alley. Spingola searched the garbage off of Groce's premises. Recommendation and Order, at 5; Suppression Tr. 49-50. As such, no Fourth Amendment violation occurred.
 
 III.
 
 8
 For the foregoing reasons, the decision of the district court denying the motion to suppress is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 "We accept the factual determinations made by the trial court when ruling on a motion to suppress unless they are clearly erroneous." United States v. Haddon, 927 F.2d 942, 945 (7th Cir.1991)